Hat, Judge,
delivered the opinion of the court:
This is a suit for the recovery of $43,113.61 which the plaintiff claims is OAving to him by the United States. The plaintiff is the surviving partner of the firm of Charles Schaefer & Son, which firm entered into a contract in writing with the United States on August 14, 1917, to furnish to the United States at Camp Devens, Massachusetts, 26,019,-090 pounds of white oats at $2.9575 per hundred pounds Under the terms of the contract the deliveries of oats were to be completed on or before June 30, 1918. The contract also provided that additional time could be granted for the performance of the contract.
Before June 12, 1918, the contractor delivered to the United States 19,910,267 pounds of oats, and could have delivered the entire quantity of oats contracted for before June 30, 1918, had the deliveries not been delayed by the United States. The quantity of oats not delivered on June 12,1918, was 6,108,823 pounds.
On June 12,1918, an extension of time was granted to the contractor for the complete performance of the contract, the time being extended to September 30, 1918.
In August, 1918, the contractor purchased 6,708,823 pounds of oats prior to September 30, 1918, and in August, 1918, 930,077 pounds of oats Avere delivered and were finally accepted and paid for. This left a balance of 5,178,746 pounds undelivered in August, 1918. The contractor was *138 prevented from delivering tlie 5,178,746 pounds of oats which he had and was ready to deliver prior to September 30, 1918, by the refusal of the United States to receive them. On October 9,1918, the firm of Charles Schaefer & Son (the contractor) was requested to advise the contracting officer if it was willing to waive its rights to deliver the undelivered portion of the oats called for in the contract. This the firm declined to do. On November 26, 1918, the contractor was notified that it had been decided that the 5,178,746 pounds of oats tVould be accepted, and on December 6, 1918, the contractor was directed to deliver the said oats at Camp Devens. On December 18, 1918, the instructions to deliver the oats were countermanded by telegram, and on December 27,1918. the contractor was informed that the question of future deliveries under the contract had been referred to Washington. On January 17, 1919, the contractor was notified that the Director of Purchase and Storage had decided not to authorize the acceptance of the oats undelivered under the contract of August 14,1917.
The contractor made repeated efforts to induce the Government to accept the oats, but the Government refused to accept them, and the contractor, after notifying the United States of its intention, in February, 1919, sold the said oats on the open market for an average price of 68 cents per bushel, which was the market price of oats at that time. The difference between the price agreed on in the contract of August 14, 1917, for the 5,178,746 pounds of oats and the price realized for the said oats when sold in February, 1919, was the sum of $43,113.61.
Under this state of facts the court is of opinion that the plaintiff is entitled to recover. Where there is a breach of a contract of sale by the failure of the purchaser to complete the purchase the general rule is that the measure of damages is the difference between the contract price and the market price at the time the contract was breached.
Upon the agreement to sell, if the purchaser fails to execute his contract, the true measure of damages for its breach is the difference between the price of the goods agreed on and their value at the time of the breach, which may fairly *139 be stipulated to be the price they bring on a resale. Harkness v. Russell, 118 U. S. 663, 667. The same doctrine is laid down in the case of Moore v. United States, 196 U. S. 157-168, in which case the question was whether the United States was liable when it refused to receive coal which it had contracted for, and Moore sold it in the open market for $3,161/4 per ton less than $9, the contract price. The loss to Moore was $1,120.87. The court said: “ The obligations of parties were reciprocal; one to deliver, the other to receive, about 5,000 tons of coal, and equally reciprocal is the liability for nonperformance of the obligations.”
The rule above referred to is well established and there is nothing in this case which would justify a departure from it.
Judgment will be awarded to the plaintiff in the sum of $43,113.61. It is so ordered.
GRAHAM, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.